IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SANTIAGO M. SHAW,

    Petitioner,

v.                                                                           No. 1:20-cv-01082-JDB-jay
                                                                             Re: No. 1:15-cr-10074-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING MOTION TO AMEND RESPONSE,
GRANTING MOTION FOR CONSIDERATION,
DENYING MOTION TO AMEND PETITION,
AND
DIRECTING CLERK TO OPEN NEW CIVIL CASE

On April 8, 2020, Petitioner, Santiago Shaw, filed a motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) On October 7, 2020, Respondent, the United States of America, filed an answer to the Petition. (D.E. 18), to which Shaw replied (D.E. 20). Now before the Court are Shaw's "Motion to Amend Defendant['s] 28 U.S.C. [§] 2255 Motion Response" (D.E. 19), motion to amend the Petition (D.E. 25), and "Motion for Consideration" (D.E. 29). For the following reasons, the motion to amend Petitioner's "response"(D.E. 19) and the motion for consideration (D.E. 29) are GRANTED, and the motion to amend the Petition (D.E. 25) is DENIED. The Clerk is DIRECTED to open a new civil case.

In December 2015, Shaw pleaded guilty to knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (*United States v. Shaw*, No. 1:15-cr-10074-JDB-1 (W.D. Tenn.), D.E. 17.) In March 2018, the undersigned sentenced him to thirty-seven months in prison and three years of supervised release. No direct appeal was taken.

In November 2018, Petitioner pleaded guilty before the Honorable John T. Fowlkes, Jr., to conspiracy to participate in racketeering activities. (*United States v. Shaw*, No. 2:16-cr-20081-JTF-10 (W.D. Tenn.), D.E. 835.) In November 2019, Judge Fowlkes sentenced him to 121 months in prison on that offense, to run concurrently with the sentence imposed by the undersigned.

In the present matter, the inmate seeks permission to amend his "response" to the Government's answer to the Petition. Specifically, he wishes to provide an additional argument in support of his claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Because Shaw filed the motion within the time provided for him to reply to the Petition, the motion is GRANTED. The Court will consider the additional argument presented in the motion at the time it addresses the merits of the Petition.

In his motion to amend the Petition, Shaw seeks permission to bring a claim purportedly challenging a misapplication of Section 5G1.3(b) of the United States Sentencing Commission *Guidelines Manual* ("U.S.S.G" or "Guidelines").[1] He alleges that he has "exhaust[ed] all remedies in the [Bureau of Prisons ("BOP")] & they refuse[] to reduce [his] sentence by the 37 months on the 121 month sentence that [he] already served on [the] other charge." (D.E. 25 at PageID 157.)

---

[1] Section 5G1.3(b)(1) provides that "[i]f . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3

2

In his motion for consideration, he requests that the Court rule on his motion to amend. He also seems to clarify his putative claim, arguing that the BOP is not calculating his release date based on Judge Fowlkes' order "to run [the sentences] concurrently." (D.E. 29 at PageID 165.) He insists that he is being "detained in BOP longer than the original sentence[.]" (*Id.*) Liberally construed, therefore, the motion to amend seeks to assert a claim that the BOP is miscalculating his sentencing credits.

The Court GRANTS the motion for consideration. However, the motion to amend must be denied. A claim that the BOP has miscalculated sentencing credits is properly brought in a petition pursuant to 28 U.S.C. § 2241. *See McCoy v. Stephens*, No. 2:12-cv-02975-STA-cgc, 2014 WL 4809946, at *2 (W.D. Tenn. Sept. 26, 2014); *Pierce v. United States*, No. 3:12-0121, 2012 WL 1900921, at *2 n.2 (M.D. Tenn. May 24, 2012). Amendment of the Petition to allow the inmate to proceed on his sentencing credits claim would therefore be futile.[2] The motion to amend is DENIED.

The Clerk is DIRECTED to file the document at D.E. 25 as the case-initiating pleading in a new § 2241 case, and the document at D.E. 29 as an attachment to the pleading.

IT IS SO ORDERED this 19th day of January 2022.

> s/ J. DANIEL BREEN
> UNITED STATES DISTRICT JUDGE

---

[2] Even if Petitioner means to challenge the absence of a downward departure under U.S.S.G. § 5G1.3(b) at sentencing, amendment of the Petition would still be futile, as claims alleging the misapplication of the Guidelines are generally non-cognizable on collateral review. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019).