IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SANTIAGO M. SHAW,

    Petitioner,

v.                                                                                  No. 1:20-cv-01082-JDB-jay
                                                                                     Re: 1:15-cr-10074-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING AMENDED § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

The Petitioner, Santiago M. Shaw, has filed an amended pro se motion to vacate, set aside, or correct his sentence (the "Amended Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 9.)[1] For the following reasons, the Amended Petition is DISMISSED.

BACKGROUND

In December 2015, Shaw pleaded guilty to knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (*United States v. Shaw*, No. 1:15-cr-10074-JDB-1 (W.D. Tenn.) ("1:15-cr-10074-JDB-1"), D.E. 17.) In March 2018, the undersigned sentenced him to thirty-seven months in prison and three years of supervised release. (*Id.* at D.E. 69.) No direct appeal was taken.

DISCUSSION

The inmate filed the Amended Petition on May 26, 2020. His sole claim is that the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was

---

[1]Unless otherwise noted, record citations are to documents filed in the present case.

decided after his conviction became final, requires that his conviction and sentence be vacated. He argues that *Rehaif* renders his indictment fatally flawed because it did not include the proper *mens rea* element for the crime of being a felon in possession of a firearm. He also posits that his plea was unknowing because he did not plead guilty to knowing he was a convicted felon.[2]

The Respondent, the United States of America, filed a response to Amended Petition (D.E. 18), in which it maintains that Petitioner procedurally defaulted the claim and that he has not established cause and prejudice to excuse the default or made a threshold showing of actual innocence to overcome it. Respondent alternatively argues that the claim fails on the merits. In support of its assertions, the Government submitted copies of judgments from the Criminal/Circuit Court of Madison County, Tennessee entered on February 24, 2009, showing that Petitioner was

---

[2]Petitioner further argues that, in light of *Rehaif*, the Court's "[f]ailure to instruct the jury on the intent element was error[.]" (D.E. 19 at PageID 117.) However, Shaw did not proceed to a jury trial because he pleaded guilty. Therefore, there are no jury instructions to challenge in this proceeding. The argument is summarily rejected.

In addition, the inmate maintains that he was convicted with "insufficient" evidence because "[t]he Government did not prove [he] knew [he] was a convicted felon." (D.E. 9 at PageID 64.) Because Petitioner entered a plea of guilty, the Court considers his evidence-sufficiency argument to be subsumed by his contention that his guilty plea was unknowing. *See generally United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009) (a voluntary and knowing plea usually waives a challenge to the sufficiency of the evidence). And, even if the Court were to treat the evidence-sufficiency argument as distinct from the unknowing-plea argument, it would nevertheless be dismissed as procedurally defaulted. *See, infra*. (holding Petitioner's *Rehaif* claim is procedurally defaulted and the default is not excused).

2

convicted of six felony offenses. (*See* D.E. 18-1 at PageID 108-13.) Respondent has also provided a copy of the plea agreement relating to those convictions. (*See id.* at PageID 113-16.)

I. § 2255 Legal Standards.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). For a petitioner "to obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, 156 F.3d 1231 (6th Cir. 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

Proceedings under § 2255 are not a substitute for direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice¨ to excuse the procedural default. *Id.* A petitioner may also seek to overcome the default on the ground "that he is 'actually innocent'" of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

II. *Rehaif* Claim.

As relevant here, § 922(g) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. § 922(g). In *Rehaif*.

3

the Supreme Court held that, to prove a § 922(g) violation, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct at 2194.

The holding in *Rehaif* has implications for charging documents. As a general matter, "[a]n indictment must allege all the elements charged to 'ensure that an accused is reasonably informed of the charge against him so that he can prepare a defense.'" *United States v. Garrison*, 839 F. App'x 968, 982 (6th Cir. 2020) (quoting *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)), *cert. denied*, 141 S. Ct. 2866 (2021). Therefore, after *Rehaif*, an "indictment . . . now must include that a defendant charged under § 922(g) *knew* of his prohibited status." *Id.* at 983.

Similarly, when a defendant pleads guilty to violating § 922(g), the court's plea colloquy must account for *Rehaif*'s holding. It is fundamental that a guilty plea is not voluntary and knowing if "the defendant [does not] understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998)). Therefore, post-*Rehaif*, a defendant who pleads guilty to being a felon in possession of a firearm must be advised by the district court during the plea colloquy of the knowledge-of-status element. *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) ("*Rehaif* error[] occurred" when "the District Court failed to advise [the defendant] during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon").

As the Government correctly points out, Shaw procedurally defaulted his *Rehaif* claim by failing to raise the knowledge-of-status *mens rea* on direct appeal. He acknowledges that he did

4

not raise the claim on direct appeal, but maintains that his procedural default should be excused because he "[d]id not have grounds at [the] time." (D.E. 9 at PageID 66, 68.) The Court construes the assertion as an argument that it would have been futile for Petitioner to raise a knowledge-of-status argument prior to the Supreme Court's issuance of its decision in *Rehaif*. The argument is, however, unavailing.

At the time of Shaw's sentence, and during the period in which he could have taken a direct appeal, Sixth Circuit "caselaw did not require *Rehaif*'s knowledge element[.]" *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing *United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020)). Nevertheless, the argument that knowledge of status is an element of the felon-in-possession offense was available to all defendants on direct appeal prior to *Rehaif*. In *United States v. Wooden*, 945 F.3d 498 (6th Cir. 2019), *rev'd and remanded on other grounds*, 142 S. Ct. 1063 (2022), the Sixth Circuit held that the defendant forfeited a knowledge-of-status argument on direct appeal. *Wooden*, 945 F.3d at 506. The court reasoned, in part, that "it would be self-refuting for [the defendant] to argue that he could not have presented his claim until after *Rehaif* was decided" because "the defendant in *Rehaif* did just that." *Id.*; *see also United States v. Ward*, 957 F.3d 691, 694-95 (6th Cir. 2020) ("[T]he fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that Ward could have made a similar objection to the indictment's omission of a knowledge-of-status element[.]").

Even if the claim were not procedurally defaulted, it would fail on the merits. First, the argument that the indictment was fatally defective because it failed to charge the knowledge-of-status element is unavailing. The Sixth Circuit has "joined several other circuits in holding that the omission of the knowledge-of-status element required by *Rehaif* does not deprive the district

5

court of jurisdiction." *Brown v. United States*, No. 20-3632, 2021 WL 2470311, at *2 (6th Cir. May 21, 2021) (citing *United States v. Hobbs*, 953 F.3d 853, 856-57 (6th Cir. 2020)). In addition, "the indictment put [Shaw] on sufficient notice that he could have raised an objection to the omission of the element." *Id.* (citing *Ward*, 957 F.3d at 694-95).

Petitioner's second argument—*i.e.*, that he would not have pleaded guilty and would have proceeded to trial had he known of the prosecution's burden to establish that he knew he was a felon—is implausible. For one thing, Shaw has not alleged that he would have submitted evidence to the jury that he did not know he was a felon at the time he possessed the firearm. *Cf. Greer*, 141 S. Ct. at 2097-98 (on direct appeal under plain error review, where defendant did not argue that he "would have presented evidence in the district court that he did not in fact know he was a felon when he possessed the firearms," he failed to "show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty").

What is more, the records in Petitioner's underlying criminal case and in the present matter demonstrate that he knew he was a felon when he possessed the firearm. The presentence report ("PSR") advised that Shaw's criminal history included multiple felonies (PSR at ¶ 32) and the movant did not dispute that finding in his sentencing position paper, (No. 1:15-cr-10074-JDB-1, D.E. 32 at PageID 79-82). That makes sense. As the Supreme Court noted in *Greer*, "[i]f a person is a felon, he ordinarily knows he is a felon." *Greer*, 141 S. Ct. at 2097. "Felony status is simply not the kind of thing that one forgets." *Id.* In addition, the state court judgments supplied by the Government in the present matter confirmed three 2009 convictions for aggravated robbery, for which Shaw was sentenced to eight years in prison on each, and three 2009 convictions for identity

6

theft, for which he received a four-year sentence on each.  Notably, the judgment for each conviction recorded the "Conviction Class" as "Felony."  (D.E. 18-1 at PageID 108-13.)  In the related plea agreement, Petitioner admitted his guilt as to each offense, affirmed that he "underst[oo]d . . . the offenses [he was] charged with and the penalties each carry," and represented that he understood the negotiated sentences.  (*Id.* at PageID 114.)

Petitioner nevertheless insists that the judgments do not evidence that he knew he was a felon.  In support of that argument, he draws the Court's attention to the "Special Conditions" section at the bottom of the first judgment sheet, wherein "[i]t clearly states in plain view . . . that 'Shaw' must have no prior felony convictions."  (D.E. 19 at PageID 118.)  He misreads the document.  The "special condition" for the state court's imposition of an effective eight-year sentence on the six felony convictions is that Petitioner not have been convicted of any felonies "prior" to those convictions.  The special condition therefore does not change the fact that Shaw was convicted in 2009 of six felonies and that the judgment sheet for each conviction plainly recorded the offense as a felony.

At bottom, Petitioner knew that he was a felon at the time he possessed the firearm--a fact the Government would have had no problem proving.  Therefore, Shaw cannot demonstrate that the Court's failure "to establish that [he] knew of his status as a prohibited person before accepting his guilty plea . . . 'had a substantial and injurious effect or influence on the guilty plea.'" *United States v. King*, Case No. 18-cr-20637, 2020 WL 7396331, at *2 (E.D. Mich. Dec. 17, 2020) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

In sum, Petitioner procedurally defaulted the *Rehaif* claim and has not established cause to excuse the default. The claim is therefore not properly before the Court and is DISMISSED. Alternatively, the claim is without merit.

The Amended Petition is hereby DISMISSED. Judgment shall be entered for Respondent.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

8

P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[3]

IT IS SO ORDERED this 26th day of May 2023.

               s/ J. DANIEL BREEN
               UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.